# CHARLESTOWN.

## PETER E. ZINN *v.* GEORGE MENDEL ET AL.

### October 31, 1876.

1876.
August Term.

1. A creditor of an incorporated monied institution, cannot generally maintain an action at·law against the directors thereof for simple non-feasance of duty to the corporation, or fraud in the management or disposition of the money or property of the corporation.

2. But directors of such institutions, may make themselves liable in an action at law for loss and damages, for false representations made or caused to be made by them, and perhaps acts done or caused to be done by them, with intent thereby to deceive and defraud the plaintiff, and which had the designed effect, and caused loss and damage to the plaintiff, but the false representations made or caused to be made, or, acts done or caused *to be done by the* defendants, and relied on by the plaintiff, and the intent *thereby to deceive and defraud* the plaintiff, must be averred or alleged *in postive terms.*

3. When *money* has been deposited with such institution, and there has been no contract that a different rule shall prevail, such institution, when the deposit is made, ordinarily, becomes the owner of the money deposited, and consequently a debtor for the amount, and under obligation to pay, on demand, not the identical money received, but a sum equal in legal value. But it seems this rule does not apply where the thing deposited is not money but a commodity.

4. A declaration in case against the directors of such institution held to be insufficient in law, as well as each count thereof.

*Supersedeas* to a judgment of the circuit court of Ohio county rendered on the sixteenth day of May, 1873, in a

cause therein then pending, in which Peter E. Zinn was plaintiff, and George Mendel and others defendants.

The facts sufficiently appear in the opinion of the Court.

Hon. Thayer Melvin, Judge of said circuit court, presided at the hearing below.

*Pendleton, Davenport, Peck* and *Caldwell* for said Zinn, plaintiff.

*Allison* and *Lamb* for defendants in error.

HAYMOND, PRESIDENT:

This is an action of trespass, on the case commenced and determined in the circuit court of the county of Ohio. The action is against the defendants, who were directors of the Wheeling Savings Institution. The declaration is very lengthy, and to set it out in full in this opinion is unnecessary.

The action was commenced on the nineteenth day of February, 1872. On the second day of November, 1872, the defendants, on whom the process was served, appeared to the action in court, and filed their demurrer to the plaintiff's declaration, and to each count thereof, and the plaintiff joined in the demurrer. Afterwards, on the sixteenth day of May, 1873, the cause was heard upon the demurrer, and was argued by counsel, and the court sustained the demurrer to the declaration, and in its judgment, says: "And the plaintiff, not desiring to amend his declaration, and having nothing further to say or allege, it is further ordered and adjudged, that this cause stand dismissed, and that the defendants go hence, without day, and recover of the plaintiff their costs in this behalf expended." To this judgment the plaintiff has obtained a *supersedeas*, and it is now to be determined whether the circuit court erred in its judgment, so as to require this Court to reverse it.

The act incorporating "The Wheeling Savings Institution" was passed by the legislature of Virginia, on the twenty-eighth day of February, 1834. See Acts of 1833 and 1834, page 199. The second section of the act provides for the election of nine directors, from the members, by the stockholders. The third section provides that the directors, for the time being, or a majority of them, shall have power to elect a president from their own body, or from the other members; to appoint all such officers, agents, and servants, as they shall deem necessary to conduct or execute the business and affairs of the institution; to fix their compensation, and, in their discretion, to dismiss them; to provide for the taking bonds to the corporation, from all, or any, of the officers, agents, or servants, by them so appointed, with security, conditioned in such form as they shall prescribe, for the faithful execution of their several duties, and to secure the corporation from loss; to regulate the manner of making and receiving deposits; the form of certificates to be issued to depositors, and the manner of transferring the same; to provide for the investment of the funds of the corporation in such manner as they shall deem most safe and beneficial; to provide for the admission of members, and furnish proof of such admission; to provide for all necessary expenses of conducting the affairs of the corporation, and generally, to pass all such by-laws as shall be necessary to the exercise of said powers, and of the other powers vested in said corporation by "this" charter; and said by-laws, from time to time, to alter and repeal: *Provided*, that all such by-laws, as shall be made by the directors, may be altered or repealed by a majority of the members present, at any annual meeting,, or at any general meeting called in pursuance of any by-law made for that purpose; and a majority of the members may, at any annual or general meeting, pass by-laws, which shall be binding upon the directors: *Provided*, That a majority of the stock shall be represented by said stockholders. *And also provided,*

that such by-laws shall not be contrary to the laws of this State, or of the United States.

The second section also provides that, the "nine direct-ors to manage the affairs of said institution," shall be elected for twelve months thereafter, and until a new election shall take place.

The fourth section provides that said corporation shall be capable of receiving from any free person, or persons, any deposit, or deposits, of money, and that all moneys so received shall be invested in public stocks, or other securities, at the discretion of the directors, and in the manner deemed most safe and beneficial: *Provided, always,* That such investment of the funds of the cor-poration shall be in the manner provided by the by-laws, and that no director or member shall be liable, in his person or property, for any debts, contracts, or engage-ments, of said corporation; but that the money, pro-perty, rights, and credits, of said corporation, and nothing more, shall be liable for the same.

On the 28th day of February, 1835. the legislature of Virginia passed an act amending said act of incorpora-tion. See Acts of 1834 and 1835, page 159. This act made no amendment material to notice here, further than by reference.

The fifth section of the act of incorporation provides, "That it shall be the duty of the directors, at least once every six months, to appoint, from the members of said corporation, three competent persons, whose duty it shall be to investigate the affairs of said corporation, and to make and publish a report thereof, in one or more news-papers printed in the town of Wheeling; and it shall also be the duty of the directors, on the first Monday in January, and on the first Monday of July, in each and every year, to make and declare a dividend of the inter-est and profits of said corporation, after paying its ex-penses, and the same to pay over to the members, or their legal representatives, within ten days thereafter.

The seventh section provides that the act shall be in force for twenty-five years.

The charter of said institution was extended by an act of the legislature of Virginia, passed twelfth of January, 1858, to 1884.

This action is brought to recover from the defendants the sum of $3,853.59, deposited in money by the plaintiff, as alleged, in the said Savings Institution, on the first day of January, 1870, and on different days in the declaration mentioned, between the said first day of January, 1870, and the twenty-fourth day of February, 1870, inclusive, for the causes and reasons alleged and set forth in the declaration.   I think it may be safely stated, that a great part of the *gravamen* of the action, as against the defendants, as alleged in the declaration, in legal effect, is for the *grossly negligent,* and the wilfully negligent, discharge of their duties to the corporation, as these duties are expressly prescribed, or (in view of the declaration) implied, by the charter.   It is true, that, in some of the counts, or parts thereof, there seems to be an effort at something more, but it seems to me that it is not accomplished, in legal effect.   There is no distinct and sufficient allegation, in any count of the declaration, of such fraudulent conduct, or deceit, upon part of the defendants, as would entitle the plaintiff to maintain this action against the defendants.   To arrive at the proper conclusion upon the questions presented, the authorities bearing. thereon, and determining principles analagous to those here involved, may be consulted with profit, especially, as the questions involved are of great public and private interest.   In arriving at conclusions in matters of so much interest, we should not be controlled simply by a blind instinct of justice, without regard to well established legal principles.

Well established legal principles, as a general rule, may, with safety and profit, be adhered to in the administration of justice—they are the most safe and sure guides.   In fact, when they are cast aside and disre-

garded, there is neither safety or security, to persons or property. Cases against the directors of corporations analagous to this, are not numerous in the books, but there are some in which principles similar to those involved here have been determined. And with the view of ascertaining the legal principles which should properly determine this case, I shall quote largely from such authorities as are before me.

The first case which I shall notice, is the case of *Vose v. Grant* decided in 1819 by the supreme court of Massachusetts and is found in vol. 15 Massachusetts R. 505. The *syllabus* of the case is as follows: "The stockholders of an incorporated bank, after the expiration of their charter, made dividends of their capital stock amongst themselves, so that there were not corporate funds left sufficient to redeem their outstanding notes or bills. It was holden that the possessor of their bills could not maintain an action as for a *tort* against an individual stockholder, who had received his proportion of such dividends. In this case the declaration alleged fraud against the defendant. The judge in delivering the opinion of the court, among other things, says: "To support an action against an individual on account of his note, or other like act done by him, as a member of a corporation, it is not enough to show that he acted erroneously or by mistake, but it must appear that he acted wilfully and maliciously, or fraudulently, with intent to injure the plaintiff." In 1847, the supreme court of Massachusetts held in the case of *Smith v. Hurd and others* in 12 Metcalf R. 371, that "a stockholder in a bank cannot maintain an action against its directors for their negligence in so conducting its affairs that its whole capital is wasted and lost, and the shares, therein, rendered worthless; nor for the malfeasance of its directors in delegating the whole control of its affairs to the president and cashier, who waste and lose the whole capital." In this case there was a demurrer to the declaration and the demurrer was sustained by the court. It was a spec-

74

1876.
August Term.

Zinn
v.
Mendel.

ial action on the case. Judge Shaw, C. J., delivered the opinion of the court and he says : "The circumstance that no such action has been maintained, would, certainly, be no decisive objection, if, it could be shown to be maintainable on principle. But the fact, that similar grievances have existed to a great extent, and in numberless instances, where such an action would have presented an obvious and effective remedy, affords strong proof, that in the view of all such suffering parties, and their legal advisers and guides, there was no principle on which such an action can be maintained. If an action can be brought by one stockholder, it may be brought by the holder of a single share ; so that for one and the same default of these directors, thirty-five hundred actions might be brought. If it may be sustained by proof of an act, or series of acts, of carelessness, neglect, and breach of duty, in managing the affairs of the bank, by which the whole value of the stock is destroyed, it may on the same principle, be maintained on any act or instance of such negligence, by which the shares are diminished in value fifty, ten, five or one per cent., still, notwithstanding these consequences, if the plaintiff has a good right of action upon recognized and sound legal principles, his action ought to be sustained. But the Court are of opinion that the action cannot be maintained ; and that, on several grounds, a few of the more prominent of which may be alluded to :

*First,* There is no legal priority between the holders of shares in a bank in their individual capacity, on the one side, and the directors of the bank on the other. The directors are not the bailees, the factors, agents or trustees of such individual stockholders. The bank is a corporation and body politic, having a separate existence as a distinct person in law, in whom the whole stock and property of the bank are vested, and to whom all agents, debtors, officers and servants, are responsible for all contracts, express or implied, made in reference to

such capital, and for all torts and injuries diminishing or impairing it."

"*Two*. The individual members of the corporation, whether they should all join, or each act severally, have no right or power to intermeddle with the property or concerns of the bank, or call any officer, agent or servant to account, or discharge them from any liability," &c. But he proceeds, and says, "But we are pressed with the argument that for every damage which one sustains, which is caused by the wrongful act of another, he ought to have a remedy. This is far from being universally true.

Another maxim in regard to claims for damage, is *causa proxima, non remota, spectatur.* Thousands of instances occur, in which one who sustains consequential and incidental damage from the misconduct of another is without a remedy at law." In *Smith v. Poor et als.*, 40th Maine 415, it was held, that "For the official misconduct of the directors of an incorporated company, and fraud in the discharge of their duties, they are responsible to the corporation. An individual corporator, who has suffered damage in a contract made with such company, through the fraudulent acts and votes of its directors, under color of their officers, can maintain no action against them to recover compensation. His remedy is against the company." In this case, combination and fraud were charged, and the correctness of the decision in 12 Metcalf affirmed.

Appleton, Judge, in delivering the opinion of the Court, says, "The directors, who fraudulently abuse their trust, and misapply the funds of the corporation, are personally liable, as trustees, to make good that loss. But the stockholders cannot maintain a bill to compel them to account, unless it first appear, that the directors are the parties who made themselves answerable for the loss. In all cases, the corporation is a necessary party, either as complainants or defendants. *Robinson v. Smith,*

3 Paige, 222. *Hersey v. Veazie*, 24 Maine 9. *Cunning-ham v. Pitt*, 5 Paige 607."

Farther on, the Judge says: "As a creditor of the corporation, the plaintaiff is entitled to the same remedies as its other creditors. His claims are directly against the corporation, and to be enforced against it." In the case of *Winter v. Baker*, reported in 34 Howard's Practice Reports 183, it was held by the supreme court of New York, that "A creditor of a foreign corporation cannot maintain an action in this state against the director of a corporation for wilful and fraudulent mismanagement of its affairs, whereby the property of the corporation was wholly wasted, lost and embezzled, and the corporation rendered wholly insolvent, and the plaintiff's claims against the corporation rendered wholly worthless." (Affirming *Gardner v. Pollard*, 10 Bosw. 674; *Smith v. Poor*, 40 Maine; *Smith v. Hurd*, 12 Met. 371; *Allen v. Curtis*, 26 Conn. 460.) The Judge, in delivering the opinion of the Court, in this, and other cases, says: "But more especially applicable to these cases, is the rule well established, that a stockholder cannot sue directors for damages, on the ground their stock was made valueless by the misconduct of the defendant. If a stockholder cannot maintain such an action, a creditor certainly cannot do so."

The case of *Abbott and others v. Merriam and others*, 8 Cushing, 588, was a bill in chancery against the treasurer and secretary of a corporation, charging mismanagement of its affairs. The bill was demurred to, and the demurrer sustained. C. J. Shaw, in delivering the opinion of the court, says: "They (the plaintiffs) have no right, by any direct suit, legal or equitable, to call the directors, or other officers of the corporation, to an account for mismanagement. * * The directors, and other officers, and agents, are amenable only to the corporation; and to give every individual stockholder a right of action would lead to a multiplicity of suits." In the case of *Allen v. Curtis*, 26 Connecticut, 456, it was

held that, "An individual stockholder cannot maintain an action at law against the directors of a corporation for mismanaging its affairs, or defrauding the corporation. Such directors are the agents of the corporation, and liable only to it, their principal, for their acts." This case was decided in 1857. This was an action on the case, for wilful and designed mismanagement of the affairs of the Woodbury Bank. There was a demurrer to the declaration. Judge Ellsworth, in delivering the opinion of the court in this case, says: "However this may be, it is obvious that the present is not the proper form of redress to be pursued, even for civil purposes, unless we are prepared to break long established principles of law. No such private suit will lie against the defendants, nor even a bill in equity, without more parties are brought in, and the allegation of certain further facts. The general rule of law is, that an action at law must be brought by the person having the title, or right, to the thing demanded, or to the damages which are sought to be recovered for the injury. Hence, the Woodbury Bank should have brought this suit. It is *its* property which has been misappropriated and lost, and the damages to be recovered belong to it, to be sure, in trust for bill holders, depositors, and other creditors, if any there be, and finally for the stockholders, but for all of them, and not for some of them exclusively. The *bank*, then, must sue."

The Judge, further on, says: "The plaintiff has not favored the court with any authorities in support of such an action, though the case must have been of frequent occurrence, and the absence of authority in its favor is of much weight against the propriety of the action, while, on the other side, several adjudged cases have been read, of the best authority, which are directly in point, and quite decisive." See also 2 Abbot's New York Digest, new edition, page 334, section 585; *Winter v. Baker*, 34 Howard, 183.

In the case of *French v. Fuller*, 23 Pick. 108, it was

held, that, " The treasurer of a corporation is not liable, in his individual capacity, to a stockholder, for refusing to pay him a dividend, although there were funds in the hands of the treasurer sufficient for the payment thereof, at the time of such refusal." Judge Dewey, in delivering the opinion of the court in this case, says : "And this accords with the general rule, that a servant cannot be charged by third persons for mere neglect of duty, but the principal must, in such cases, be resorted to." " The officer, or agent, of a corporation is liable to the corporation for all damages occasioned by his violation of the duties he owes his principal, whether it consists of positive misconduct, or neglect, or omissions. * * Indeed, the general rule is, when third persons are injured by the neglect of a known agent to discharge the duties of his agency, *respondeat* superior, and the action must be brought against the principal. * * The directors of a moneyed institution are responsible to it, at law, in an action on the case, for improperly obtaining, and disposing of, the funds, or property of the company. And, generally, when there has been a waste or misapplication of the corporate funds, by the officers or agents of the company, a suit in equity may be brought, by, and in, the name of the corporation, to compel them to account for such waste, or misapplication, directors being regarded as trustees of the stockholders, and subject to the obligations and disabilities incidental to that relation." Angel & Aimes on Corporations, section 312. See *Denny and others, trustees v. Manhattan Co.*, 2 Denio., N. Y.

The *Franklin Fire Insurance Company v. T. W. Junkins and others*, was an action on the case by the directors of an insurance company against their predecessors for malfeasance in their office of directors. And in this case, it was held by the supreme court of New York, that, "The *directors* of a monied institution are responsible, in an action on the case, for improperly obtaining and disposing of the funds or property of the company ; that a general charge in a declaration that the defend-

ants, as directors of an insurance company, loaned the funds of the company upon inadequate security, knowing such security to be insufficient, without any specification of time, persons, or circumstances, is insufficient; and a demurrer for this cause will be sustained. The declaration will also be adjudged bad, if the grievances complained of, are alleged to have been committed, in part, by the want of care and attention, and, in part, by the wilful and corrupt mismanagement of the defendants. It *seems*, that in a declaration, charging directors with having squandered the funds of a monied institution, it should be averred of what the funds, credits, and effects of the company consisted." 3 Wendell, R. 130. In this case, there was a demurrer. And Judge Sutherland, in delivering his opinion, says: "It is impossible for the defendants to traverse the charge, or to enter on their defence with safety, without being prepared with testimony in relation to every loan in the making of which, they may have participated. The plaintiff is bound to allege all the circumstances necessary for the support of his action, with such precision, certainty and clearness, that the defendant may know what he is called upon to answer, and may be able to plead a direct and unequivocal plea." (1 Chitty's plea, 255.) 2 Vol. court of common pleas 373. The cases cited, seem to establish the principle that, a creditor of an incorporated monied institution, cannot generally maintain an action at law against the directors thereof for simple nonfeasance of duty, or misfeasance of duty to the corporation, or fraud in the management or disposition of the property, and monies of the corporation. I think, under the allegations of the declaration, the plaintiff in this case cannot be regarded otherwise than as a creditor of the Savings Institution. When *money* has been deposited with a bank, and there has been no contract that a different rule should prevail, the bank where the deposit is made, ordinarily, becomes the owner of the *money*, and consequently a debtor for the amount, and under obligation

to pay on demand, not the identical money received, but a sum equal in legal value. But it seems this rule does not apply when the thing deposited is not *money*, but a commodity." *Planter's Bank v. Fulton*, 16 Wallace 483. *Marine Bank v. Fulton*, 2 Wallace 256. *Thompson v. Riggs*, 5 Wallace 663, *Bank of Republic v. Millard*, 10 Wallace, 155, 156.

Of course I am now speaking of common deposits in banks, such as the plaintiff made in the Savings Institution in this case, and not of special deposits, where the property in the thing deposited remains in the depositor, and the institution, or bank, becomes the simple bailee. It also seems, from the authorities quoted, that the general rule is, " that an action at law must be brought by the person having the title, or right, to the thing demanded, or to the damages which are sought to be recovered for the injury."

I will now proceed to notice another class of cases, involving distinct and different principles from those I have been considering. The first case I will notice under this head, is the case of *Salmon v. Richard*, 30 Connecticut, 360. In this case, Judge Sanford, who delivered the opinion of the court, recognises the correctness of the decision of the same court, in the case of *Allen v. Curtis*, 26 Con. 456. But, he says, " No priority between the parties, other than that which is exhibited in this court, was necessary to the maintenance of the suit. The false and fraudulent statement of the condition of the insurance company is charged to have been made, and published to the world, by these defendants, (knowing it to be false), to induce people to effect their insurance in, and by, said company. And it is averred that the plaintiff, (being, of course, one of the persons to whom that false statement was addressed), giving credit to such false statement, insured his property in said company ; and that, by means of the false and fraudulent statement, so uttered by the defendants to the world, and the plaintiff's belief in the same, and consequent insurance in said

company, he has suffered loss, &c. Thus the defendant's false and fraudulent publication is shown to have taken effect, as they intended, in the deception, and consequent loss, and injury of the plaintiff, and to their own profit and advantage. * * In the case at bar, the defendants were guilty, not of a mere non-feasance towards the plaintiff, or neglect of duty towards the insurance company, but were the active perpetrators of a positively wrongful act, intended to operate, and, in fact, operating, directly, and injuriously, upon the plaintiff's rights." The Judge refers to the case of *Gerhard v. Bates*, 20 Eng. L. and Eq. 129. In that case, Lord Campbell, Ch. J., in giving judgment, said: "We consider it clear law, that if A. fraudulently makes a representation which is false to B., meaning that B. shall act upon it, and B., believing it to be true, does act upon it, and thereby suffers damage, B. may maintain an action against A. for the deceit, there being here the conjunction of wrong and loss." In the case of *Taylor v. Ashton* Meeser & Welby's R. 400, the *syllabus* is, " If a party makes an untrue representation to another for a fraudulent purpose, with the intent to induce the latter to do an act which he afterwards does, to his prejudice, an action on the case for deceit lies, and it is not necessary to show, also, that the defendant *knew* the representation to be untrue." Parke, B., in delivering the opinion of the court in that case, says, on page 414 : " Indeed, he said the finding of the jury on this issue would warrant the position he took : because the jury found the defendants not guilty, but, at the same time, said they begged to express their opinion that the defendants had been guilty of *gross negligence*, and it is insisted that even that, accompanied with a damage to the plaintiff, in consequence of that gross negligence, would be sufficient to give him a right of action. From this proposition we entirely dissent; because we are of opinion that, independently of any contract between the parties, no one can be made responsible for a repre-

sentation of this kind unless it be *fraudulently made.*
This is the doctrine laid down in *Posley v. Freeman,*
where, for the first time, the cases on this subject were
considered. In that case, Mr. Justice Grose differed
from the rest of the court, and thought the law gave no
remedy for fraud, unless there was a contract between
the parties. The court, however, held that if a person
told that which was untrue, and told it for a fraudulent
purpose, and with the intention to induce another to do
an act, and that act was done to the prejudice of the
plaintiff, then an action for fraud would lie. That case
was followed up by *Haycraft v. Creary,* and a great va-
riety of other cases, and it must now be considered as
established law. But then it was said, that in order to
constitute that fraud, it was not necessary to show that the
defendants *knew* the fact they stated to be certain; that
it was enough that the fact was certain, if they commu-
nicated that fact for a deceitful purpose; and to that pro-
position the court is prepared to assent. It is not neces-
sary to show that the defendants knew the fact to be
certain, if they stated a fact which was true for a fraud-
ulent purpose, they, at the same time, *not believing* that
fact to be true; in that case it would be both a legal and
moral fraud."

In the case of *Mabry et al. admrs. v. Adams,* 3 Bos-
worth's Reports, page 346, it was held, that, "A com-
plaint in an action to recover from a director damages
for falsely and fraudulently representing that the stock
of a bank is worth par, by which the plaintiff's intestate
was induced to purchase stock from the bank, when, in
truth, the stock was worthless, and of no value, and was
wholly lost, is bad when it does not aver that the de-
fendant knew that the stock was not worth what he
represented it to be, nor that the defendant made the
representations with the intent to induce the plaintiff's
intestate to become a purchaser." The Judge, in his
opinion in the case, on page 353, says: "We think it
defective in this, that it does not allege that the defendant

1876.
August Term.

Zinn
v.
Mendel.

knew that the stock was not worth what he represented it to be, nor that he made the representation with the intent to induce the plaintiff to become a purchaser of it. Alleging that a party "falsely and fraudulently represented" a thing to be what it is not, is not an allegation of knowledge on his part, or of an intent to deceive." In *Zabriskie and others v. Smith*, 13 N. Y. R. and 3 Kernan, 322, it was held that, "In an action for falsely and fraudulently representing a person as solvent, the complaint should aver, and the plaintiff must prove, that the representations were made with intent to deceive and defraud." *Allen v. Addington*, 11 Wend. 374–386.

In the case of *Bartholomew v. Bently and others*, 15 Ohio R. 659–669, 670, it was held that, "A special action on the case may be maintained for fraud, resulting in damage, and it is no defence that the fraudulent acts were done in the capacity of corporators. If the design be to defraud the public generally, any one suffering injury thereby may maintain this action. The declaration should charge the fraudulent intent in *positive* terms, and not leave it to be inferred from the falsity of the facts stated in the declaration." 20 Geo. 848.

From the foregoing authorities it may be clearly deduced that, (although the directors of a corporation are not liable to creditors thereof, in the cases before stated, for non-feasance, &c.), they may make themselves liable to ordinary depositors of money, for damages for false and fraudulent representations, made by them, and, perhaps, some acts done by them, with intent to deceive and defraud the public, or any person, and which have had the design and effect, and caused loss and damages to them. But it is clearly to be seen, that no count in the declaration in this cause contains allegations showing sufficient cause of action against the defendants, under this head, and it may be presumed, under the circumstances, that the various counts in the declaration were made equally as free by the pleader, as the facts would warrant. As bearing on several of the counts of the

declaration, in addition to the authorities already cited, I refer to the second section of the *syllabus* in the case of *Mabry v. Adams,* 3Bosworth, 346; the first part of the opinion of Judge Jackson in *Vose v. Grant,* 15 Massachusetts, 505; 13 Abb. Pract. Reports, 300. The allegations of some of the counts are materially inconsistent and contradictory, and I think it may be safely averred that the declaration contains but three counts, and each count is made up of two or more parts of counts, neither of which constitutes one sufficient count.

Upon the authorities cited, it seems to me that the plaintiff's declaration, and each of its counts, fails to disclose any sufficient cause of action at law against the defendants. The declaration is, perhaps, justly open to other fatal objections, such as vagueness, and uncertainty, and otherwise, but it is unnecessary and immaterial that they should be now noticed.

I have thus far considered this case without reference to the provision in the fourth section of the act of incorporation, which exempts *each* director *expressly* from liability, "in his person or property, for any debts, contracts, or engagements, of said corporation." This provision was inserted in the charter for some purpose, and it seems to me it is entitled to no inconsiderable consideration and weight, upon the consideration of parts of the plaintiff's declaration in some aspects, though it might not protect and shield them from liability for damages for deceit and fraud, of the character to which I have alluded.

We have not been furnished with any precedent for this action, in so far as it seeks a recovery for negligence, unless it is the case of the *United Society of Shakers v. Underwood et al.,* and *Davenport v. Same,* decided by the Court of Appeals of Kentucky, which is reported in Vol. 13, new series of American Law Register 211. In this case, it seems to have been held that, "Bank directors will be held responsible to the depositors for the loss or conversion by the bank of special deposits in

such bank, whenever they know of such conversion, or

might have known of it by the exercise of such care and
diligence as the law requires of such officers in repre-
senting the affairs of the bank. Bank directors must
be considered as affected with the knowledge of such
facts as appear upon the bank books." It appears, from
the opinion of the Judge, that the Society of Shakers
alleged in their petition that, on the twenty-second of
February, 1869, its agent, U. E. Johns, deposited with
the bank, on *special* deposit, $72,450 in bonds, fully de-
scribed in a memorandum incorporated into the petition,
and that the bank had failed, upon demand, to return
$55,660.40 of said bonds, also that it had failed to ac-
count for $9,702.63, collected on interest-coupons, at-
tached thereto. And Davenport alleges that on the
third of March, 1866, he placed in the bank, on special
deposit, nine Warren county bonds, of $1,000 each,
which, by reason of the premium for which they would
sell in the market, were of the value of $11,500, and
that the bank had, on demand, failed to return all or any
of such bonds. It is also substantially charged in each
petition, that the defendants, acting as directors, "did, on
various occasions, declare dividends when the condition
of the bank did not justify the same, and so appropria-
ted to themselves, they being the largest stockholders,
large sums of money actually realized from the conver-
sion of the plaintiff's property, as aforesaid." There are
other statements contained in the opinion, which may be
seen by reference to the case. These cases were decided
on demurrer to the petition. But it is clear these
cases are unlike the one before us in most material partic-
ulars.

*First,* It was a special deposit of bonds, and not an
ordinary deposit of money.

*Second,* The petition substantially alleges that the
defendants converted the bonds to their own use. The
Kentucky case, then, is not a precedent for this, even
though the principles announced by the *syllabus* be cor-

rect law, which I do not now affirm or disaffirm, because immaterial, but with due deference, I must be allowed to say, it now seems to me that, at least, some of the principles decided in these cases, are difficult to maintain, if not dangerous to enforce. But without further remark as to these cases, I refer to the able criticism of Mr. Redfield thereon, which may be found at the end thereof, in the Amer. Law Register, new series, pages 218, 219, 220.

Upon consideration, it seems to me that, if actions for the cause stated in the plaintiff's declaration against directors of banks and other corporations, were sustained by the courts of law, it would be highly detrimental to the public interest, and not conducive to justice. Thoughtless impulse and passions, might for a time justify it, but sober, sound thought and reason, must, and will condemn it; if not at once, surely in a reasonable time. Banking institutions, and other corporations, are essential to the welfare and prosperity of the country, and these institutions cannot generally be operated, save through the agency of directors, and if the directors of such institutions were held liable at law to the creditors thereof, in damages for every act and negligence in the management and disposition of the moneys and property of the corporation, of which the corporation might lawfully complain, responsible men could not be found who would take upon themselves the perils and dangers of the position. Such a result would be most disastrous in its consequences, and should be avoided, unless its avoidance is not allowed by the common law, or some statute. I am not aware of any part of the common law, or of any statute, which authorizes such actions; no precedent for such actions has been produced to us. If there is any principle of common law authorizing such actions, it is passing strange that it has not been invoked and put in practice prior to this, in this country. Banks and other corporations have, not unfrequently, failed by reason of negligence and mismanagement of the moneys,

business and property thereof, by their directors and
officers, but no reported decisions of courts in this coun-
try, of which I am now cognizant, show any case in
which such actions have been sustained.

It is unnecessary to ascertain in this case what reme-
dy, or remedies, creditors of an incorporated monied in-
stitution may have against the bank and its directors, or
stockholders, in a court of equity, in any given state of
facts or circumstances, as this is a case at law, and not a
case on the equity side of the courts.

For the foregoing reasons, the judgment of the circuit
court rendered in this cause, must be affirmed, with costs
and $30 damages to the defendants in error, against the
plaintiffs in error.

The other Judges concurred.

JUDGMENT AFFIRMED.