# CHARLESTON.

### VANCE SHOE CO. *et al. v.* HAUGHT *et al.*

Submitted June 13, 1895—Decided Nov. 23, 1895.

1. EQUITY PLEADING—DECREE.

There can be no decree without allegations in the pleading to support it.

2. EQUITY PLEADING—BILL IN EQUITY—GENERAL AND SPECIFIC CHARGES OF FRAUD.

A general charge of fraud in a bill is not sufficient. There must be given, in addition to the general charge, the facts constituting the fraud, though not what is merely evidence.

3. EQUITY PLEADING—BILL IN EQUITY—ALLEGATIONS OF FRAUD.

To overthrow, for fraud, the title of a purchaser, it must be alleged in the bill that his grantor committed the act fraudulently to defraud creditors (giving the facts) and that the purchaser fraudulently conspired with him, or had notice of his grantor's fraudulent intent, or had notice of the fraud rendering his grantor's title void.

4. FRAUDULENT CONVEYANCE—DECREE *in Rem*—DECREE *in Personam.*

Where a fraudulent purchaser yet owns the property, the creditor must subject it, and can not take a personal, money decree for his debt, or the value of the property, against the purchaser; but if the fraudulent purchaser has sold the property to a *bona fide* purchaser, so that it can not be reached, the creditor may have a money decree against the fraudulent purchaser for the amount he received for the property, or, if that be less than its actual value, then for such value; and, if the *bona fide* purchaser yet owes for the property, the money in his hands may be followed, and subjected in his hands.

5. EQUITY PLEADING—DECREE—REVERSAL.

If a decree find or state a fact or opinion as its reason, and it be right for any reason apparent from the record, though not for

the reason given, the giving of a wrong reason or opinion as its basis is not ground for reversal.

6.  EQUITY PLEADING—BILL IN EQUITY—GENERAL AND SPECIFIC RELIEF.

A bill in equity should contain a prayer for both specific and general relief, but under a prayer for general relief, only, there may be granted any relief warranted by the facts alleged; and, under a prayer for specific and general relief, may be given the relief asked specifically, and any further relief warranted by the allegations, so it be not inconsistent with the specific relief asked. Where there is no prayer for general relief, but prayer for specific relief, and this can not be granted, other relief can not be given, though the facts would warrant it if there were a specific prayer for it, or a prayer for general relief. There must always be a special prayer for injunction.

7.  EQUITY PLEADING—JOINT JUDGMENT—JOINT DECREE.

At common-law, a judgment erroneous as to one is erroneous and must be reversed as to all; but in equity, under our statute, if only one appeal from a joint decree, and the rights of parties stand on different and separable grounds, there may be a reversal only in part.

W. S. WILEY for appellant.

S. B. HALL for appellee, cited 4 R. I. 173; 10 R. I. 105; 138 U. S. 104; Sto. Eq. Plead. §§ 251, 252; Wait. Fraud. C. & C. Bills (2nd Ed.) §§ 8, 9, 10, 11; 37 W. Va. 526-63; 2 Big. Fraud. 473, 488, 496; 31 Am. Dec. 468.

BRANNON, JUDGE:

Vance Shoe Company and others filed in the Circuit Court of Wetzel county a bill in equity against William Haught and others, alleging his indebtedness to it and various other creditors, and that he had confessed fraudulent judgments in favor of David Haught and one Rice, under which, by execution, a stock of goods had been sold, and purchased by David Haught, and that William Haught owned a house and lot conveyed to him by Brookover; and the bill prayed that the judgments and execution sale under them be held fraudulent, that Rice and Haught be held for the price the goods brought, and that either the goods or their proceeds be subject to pay plaintiffs' debts.

An amended bill revealed the fact that David Haught had sold said goods to Loy, who had executed to David

Haught promissory notes therefor, remaining unpaid, in which Brookover was surety; and this bill also asked that said judgments and sale of goods be held fraudulent, and David Haught and Rice required to account for the sale price, and further prayed that David Haught be enjoined from selling the notes given him by Loy and Brookover for said goods, and that Loy and Brookover be enjoined from paying them.

Later, Sarah E. Eddy filed in the case her petition, setting up that David Haught had assigned her two of the notes on Loy and Brookover, asking to be made a party, and for dissolution of the injunction restraining Loy and Brookover from paying said notes, and that she be allowed to withdraw the notes filed with petition, and collect them.

A decree in the case held the confessed judgments, and the sale of the goods under them, fraudulent, as also the sale of the goods from David Haught to Loy, and that William and David Haught, Rice, Loy, and Brookover were participants in the fraudulent transaction to defraud "the creditors of William Haught, and are all therefore liable for complainants' claims set up in the bill," and went on to decree those debts against them, as a personal decree. The decree also declared that no necessity existed for the petition of Eddy, and dismissed it, and gave her leave to withdraw the notes of Loy and Brookover, and to proceed at law to collect them, and dissolved the injunction against their payment. Brookover alone appeals from this decree.

Now, on the basis of fraud in Brookover in the confession of judgments, the sale under them, or the sale of David Haught to Loy, there is no warrant for that clause of the decree branding Brookover with fraud, or in that adjudging him, for such fraud, liable by personal decree for the plaintiffs' demands, as if he were an original debtor for them, and for these reasons:

Nowhere do the bills charge fraud on Brookover. There can not be a decree against a man without allegation against him to render him liable. Point 3, *Roberts* v. *Coleman*, 37 W. Va. 143 (16 S. E. 482) and citations, page 152, 37 W Va. and page 484, 16 S. E.; *Bierne* v. *Ray*, 37 W. Va. 571 16 S. E. 804). And more particularly is it necessary, if the

object be to make one liable for fraud, that the fact of fraud, and the main facts constituting it, be alleged—not all the facts which are merely evidence of it, but those constituting it. Point 5, *Zell Guano Co.* v. *Heatherly*, 38 W. Va. 409 (18 S. E. 611); *Pyles* v. *Furniture Co.*, 30 W. Va. 123 (2 S. E. 909). I seek in vain in the pleadings for any charge of fraud against Brookover, or the party for whom he is surety, Loy, or any notice by them of fraud in others. There is not an intimation of any fraud in them as to the judgments or execution sale. It is charged that David Haught fraudulently sold the goods to Loy, but, while this charge does make David Haught a worker of fraud, it alleges no conspiracy between him and Loy and Brookover; and to make a purchaser liable, it must be charged that he is an active agent in the fraud, or had notice of the vicious design of his vendor, or of the fraud rendering the transaction void. Code, c. 74, s. 1; *Blackshire* v. *Pettit*, 35 W. Va. 547 (14 S. E. 133).

As to the personal decree against Brookover, as bound for the debts: If chargeable with fraud, I do not think this is proper. He being surety, it would be proper to subject the goods first, if practicable. Treat Loy even as purchasing to defraud, or with notice of the fraud of others, unless he had sold the store—and he had not—no personal decree could go against him; and *a fortiori* not against Brookover, unless he too were participant in fraud. See opinion in *Ringold* v. *Suiter*, 35 W. Va. 189 (13 S. E. 46). The decree violates this principle. If the property has been sold to a *bona fide* purchaser, there may be a decree against the fraudulent vendee, I presume—not for the whole of the creditor's debt, but for the amount realized by the fraudulent vendee; and, if that be less than the value of the property, then for that value. Decree in *Wright* v. *Hencock*, 3 Munf. 521; *Hinton* v. *Ellis*, 27 W. Va. 422; *Lockhart* v. *Beckley*, 10 W. Va. 87, point 10 of syl.; *Ringold* v. *Suiter*, 35 W. Va. 186, 190 (13 S. E. 46) and citations. But, as the debts decreed to plaintiffs are less in amount than the notes of Loy and his surety, I would see no error in this feature basing the decree on the notes as below treated, except for the fact that after allowing the Eddy notes to

her, there is not enough left to pay the debts decreed. Though David Haught paid more for the goods, Brookover became bound only for the notes, and to their extent; and though, if Loy were chargable as for fraud, it could be for the value of the goods, yet Brookover would be chargeable only for his engagment, unless a party to fraud.

There is no ground on the pleadings to charge Brookover or Loy on account of any fraudulent action of their own. Nor do I find proof of it in the evidence. But, though Brookover is not liable for fraud, he and Loy are liable for the purchase money for the stock of goods. The bill charges fraud on David Haught in the confession of judgment by his father, and in the sale to David by the execution under them, and also in the sale of the goods by him to Loy, and this allegation was taken for confessed. Thus, he was convicted of fraud in the sale to Loy, and as Loy and Brookover owe the notes given for the proceeds of the goods, the creditors can follow up the fund into their hands. Though the sale be *bona fide* so far as Loy is concerned, so that the creditors could not take the goods, yet they can render the debt due for them from Loy liable, as under the decisions cited above, you can take from the party what he has received, you can take what is yet coming to him from his sale of the property. If Haught still owned the goods, they could be taken. Their purchase price due from Loy represents them. Loy holds the money as Haught's. *Heath* v. *Page*, 63 Pa. St. 108; *Lockhart* v. *Beckley*, 10 W. Va. 87, point 10 of syl.; Bump. Fraud. Conv. 609. So clear is the right of the creditors defrauded to the purchase money unpaid, that it seems to be the law that on receiving notice of fraud, he must pay no more. If he is a *bona fide* purchaser, he is protected both as to payment and his title to the property, because his right at the date of sale was good, but, with notice of the fraud, can not go on with the payment. 2 Bigelow, Frauds, 474, 496; *Machine Co.* v. *Zeigler*, 58 Ala. opinion 224. Some authorities hold that a *bona fide* purchaser can not hold the property unless he has paid in full. Bump, Fraud. Conv. 493. Therefore, though the wrong reason is given for holding them liable they are liable under the notes; and the giving a wrong reason for the

decree is no error, the question being, is the decree correct? not the reason given for it. *Shrewsberry* v. *Miller*, 10 W. Va. 115. The imputation of fraud upon Brookover, though erroneous, is not error calling for reversal, as it carries no pecuniary detriment.

The decree dismisses the Eddy petition, and allows her to collect the two notes she held. It is true, it may have been thought that the debt due from Loy and Eddy is large enough to pay both creditors, over and above the Eddy notes, and that this would render her an unnecessary party; but the decree allows her to collect her notes, which are the first ones to mature, and gives a decree against Loy and Brookover, payable at once, with costs, which would make them pay before the maturity of the notes. This is error.

As Loy and Brookover are not chargeable on the theory of their fraud, but as debtors to David Haught, the terms of their contract with him must be regarded, and they can not be made to pay before the notes mature; and, when the decree was made, none except those owned by Eddy were due, and are not yet. And setting aside the two notes held by her, leaving only two accessible to creditors, the debts decreed against Brookover and Loy exceed the amount in their hands, as only four notes in all were executed, perhaps only three by Brookover. This is error.

The Eddy petition should not have been dismissed, but, all parties being before the court, she should have had decree for her notes, if her right was superior to that of creditors, and the other notes applied, when due, as far as they would go, on the debts of creditors, according to their rights.

There was no reason to charge costs to Loy and Brookover, they not being chargeable as for fraud. They had no overdue money in their hands, accessible to creditors, as the matured notes were Eddy's; and the other notes were not due, even if they would be chargeable with costs if due.

A question raised in the case is whether there could be any decree, in any view, against Loy and Brookover. The amended bill simply asked that they be restrained from

paying the notes they executed to Haught, and contained no prayer that they be compelled to pay them, and it is said to be a surprise on them to decree payment of the debt. I was inclined to this view at first, as prayers for specific relief are so common. Good chancery pleading gives a statement of the specific relief asked, commonly called the "prayer for specific relief," and, besides, a prayer for general relief. *Zell Guano Co.* v. *Heatherly*, 38 W. Va. 409 (18 S. E. 611). All works on chancery pleading call for this prayer for special or specific relief, and the form in our Code contemplates it. Chapter 125, s. 37. Still, where it is omitted, is it fatal? I think not. The old form of bill did not contain it, but stated facts, and inserted a prayer for general relief, and any relief warranted by law upon those facts could be granted. This seems logical. Such a bill is regarded good yet, except as to injunctions. Story, Eq. Pl. § 41; Bart. Ch. Prac. 266; Sand, Eq. 58. The relief under the prayer for general relief can only be such as the facts stated warrant, but I think all relief they do warrant may be given under a general, without a special prayer. Under it a distinct or different claim from that stated in the bill can not be given. It must be based on facts alleged. *Pickens* v. *Knisely*, 29 W. Va. 1 (11 S. E. 932); Bart. Ch. Prac. 265. And, if particular relief be asked, further relief, not especially asked, may be given under the general prayer, provided, always, it be justified by the facts stated, and be not inconsistent with that which is asked; for it is not permitted to tell the defendant that a particular relief is asked, and surprise him with a relief inconsistent with that asked. Bart. Ch. Prac. 266. If the general prayer be omitted, and the specific relief sought is not given, other relief can not be. Bart. Ch. Prac. 266; Daniell, Ch. Prac. 378, note a; Story, Eq. Pl. § 42, note a. How important the prayer for general relief!

In the original bill is a prayer that the proceeds of the goods be subjected, but that is as to the proceeds of the sale under the execution, not that from David Haught to Loy. But the amended bill sets up the sale to Loy, the debt due from him and Brookover, and, the charge of fraud against David Haught being confessed, the law fol-

lows the fund into Loy's and Brookover's hands; and a decree for its payment, though not specially asked, is the legal results from those facts, and not inconsistent with any special prayer. It is no surprise. They and their indebtedness being brought in, they might expect to have to pay it, if the plaintiffs succeeded against David Haught. For what other reason were they brought before the court?

For reasons above given, the decree must be reversed; but as to all, or only some? The decree is that five defendants pay the debts—a joint decree—and, under the rule as generally stated, being erroneous as to some, according to joint judgments at common-law, should be wholly reversed. *Arrington* v. *Cheatham*, 2 Rob. (Va.) 492; *Jones* v. *Raine*, 4 Rand. 386; *Vandiver* v. *Roberts*, 4 W. Va. 490; *Lyman* v. *Thompson*, 11 W. Va. 427; *Lenows* v. *Lenow*, 8 Gratt. 349; *Purcell* v. *McCleary*, 10 Gratt. 246; *Gray* v. *Stewart*, 33 Gratt. 358. As a party may waive error in a decree, if he wish, the above rule seems unreasonable—certainly oftentimes, where only part appeal. Section 26, chapter 135, Code, authorizes this Court to reverse in whole or in part, and, I think changes the common-law rule, as is intimated in the opinion in *Gray* v. *Stewart*, *supra*. Here the rights of Loy and Brookover stand on the same ground as debtors, and they do not stand on the same ground with the others. Their causes are not the same. Where parties stand on distinct and unconnected grounds, and are not equally affected by the same decree or judgment, appeal by one will not bring up for adjudication the rights of others; but where those appealing, and those not, stand on the same ground, and their rights are involved in the same question, the whole case will be considered, and settle the rights of parties not appealing, as I understand, if they are involved in the same question. *Walker* v. *Page*, 21 Gratt. 636. So I think as to reversal.

We therefore reverse as to Loy and Brookover, and remand the case.