# CHARLESTON.

MARY B. P. BLACK, ADMRX. v. ANDREW CROUCH. *et al.*

Submitted March 4, 1919.    Decided October 21, 1919.

1. CONSTITUTIONAL LAW—*United States—Act of Congress Limiting Attorney's Fees in Collection of Claims Against Government Valid.*

    The provision of the Act of Congress of March 4, 1915, limiting to 20 per cent. the payments to attorneys and agents, out of moneys appropriated by said Act, for payment of certain claims against the United States, is not a denial of due process nor of the liberty of contract, to an attorney who has rendered professional services in the prosecution of one of such claims, under a contract whereby he was to receive a fee equal to 50 per cent. of whatever might be awarded or collected.   (p. 23).

2. UNITED STATES—*Funds of Estate on Payment of Claims Against Government Not Chargeable With Fees in Excess of Statute.*

    Funds in the hands of the personal representative of a deceased claimant in favor of whose estate an appropriation has been made by said Act, or in the hands of legatees under his will, cannot be charged with payment of the excess of such fee above the amount allowed by said Act.   (p. 23).

3. EQUITY—*Decree to be Interpreted in Light of Pleading.*

    A decree is to be interpreted in the light of the pleadings in the cause and, in so far as it purports to give relief beyond any foundation therefor laid in the pleadings, it is void. (p. 23).

4. EXECUTORS AND ADMINISTRATORS—*Decree in Bill to Charge Particular Fund is to be Construed as Charging Such Fund.*

    A decree founded upon a bill seeking to charge a particular fund derived from, or belonging to, the estate of a deceased person, with payment of a debt, and disclosing no other assets of such estate, is properly interpreted a decree so charging such fund.   (p. 24).

Appeal from Circuit Court, Randolph County.

Suit by Mary B. P. Black, administratrix, etc., against Andrew Crouch and others, executors, etc. Decree for plaintiff, and defendants appeal.

*Reversed and remanded.*

*Arnold & Arnold* and *Harding & Harding,* for appellants.
*C. O. Strieby* and *Chas. F. Consaul,* for appellee.

POFFENBARGER, JUDGE:

The decree complained of stands upon the theory of partial unconstitutionality of an Act of Congress passed in 1915, appropriating money for payment of War Claims, and limiting to 20 per cent. the payments to be made to attorneys and agents representing the claimants, out of the moneys so appropriated.

Since the entry of the decree the Supreme Court of the United States has rendered a decision in which the statute in question has been held to be valid and constitutional. *Capital Trust Company* v. *Calhoun,* Advance Opinions, U. S. Supreme Court, No. 16, for 1918-19, p. 602. It holds that the money appropriated by the Act cannot be subjected in any manner to a charge for fees in excess of 20 per cent. In that case, the money, less 20 per cent., had passed out of the Federal Treasury into the hands of the administrator of the claimant and the purpose of the suit was to charge that fund with the payment of an amount equal to 30 per cent. of the sum appropriated, the department having previously paid 20 per cent. thereof to the attorney.

In this case the amount appropriated by the same Act, to pay the claim of Jacob Crouch, was $3,710.00. The contracts with the attorneys prosecuting the claim, made by him originally and by his executors after his death, provided for a contingent fee of 50 per cent. Out of the said sum of $3,710.00, there was paid to the plaintiff herein, administratrix of the attorney, by the Treasury Department, the sum of $742.00 and the residue thereof went into the hands of the executors of the estate of Jacob Crouch, Andrew Crouch and Newton Crouch, who also were entitled, as residuary legatees in the will of Jacob Crouch, to the money obtained upon the claim. After having paid $500.-

00 out of it in satisfaction of another claim for services and expenses, they divided the balance, $2,468.00, between themselves.

While the decree does not in terms charge the plaintiff's demand amounting to $1,113.00, 30 per cent. of $3,710.00, upon the said sum in the hands of the defendant's as executors and legatees, but, on the contrary, adjudges, orders and decrees "that the plaintiff do recover from the estate of Jacob Crouch, deceased, the sum of $1,113.00 with interest," and that the defendants, executors as aforesaid, "do pay to the plaintiff the sum of $1,113.00 with interest," out of any funds that may have come into their hands as such, it must be interpreted and held to be a decree charging the money they received from the appropriation as aforesaid. Upon the inquiry as to its meaning and effect, it must be read in the light of the pleadings. A judgment or decree cannot extend beyond the pleadings. In so far as it does so, it is void. *Conrad* v. *Crouch,* 68 W. Va. 385; *Waldon* v. *Harvey,* 54 W. Va. 608; *Hobart* v. *Miller,* 44 W. Va. 635. The bill in this cause traces no assets into the hands of the defendants other than this fund. Hence, the decree must be deemed to relate to it only and to charge the defendants on account thereof. Its tenor and purport accord with the subject matter of its allegations. It claims right in the plaintiff to pursue and charge the fund received from the government. Thus interpreted, the decree is in conflict with the statute and must fall.

The federal decision to which reference has been made does not construe the statute as invaliding such a contract in so far as it may bind or effect money or property of the claimant or his estate, derived from sources other than the appropriation. As the plaintiff may be able to find other assets of the estate of Jacob Crouch, liable to satisfaction of her claim, or liability on the part of some person by reason of assets descended or distributed, she is entitled to have leave to amend her bill, if she shall be so advised. But nothing is now decided as to her right respecting other funds.

Our conclusion is to reverse the decree and remand the cause with leave as aforesaid.

*Reversed and remanded.*