WHEELING KITCHEN EQUIPMENT CO., INC., *etc.*

*v.*

R & R SEWING CENTER, INC., *etc., et al.*

(No. 12932)

Submitted January 26, 1971.     Decided February 9, 1971.

Concurring Opinion March 15, 1971.

*Wilson, Frame & Rowe, Richard E. Rowe,* for appellant.

No appearance for appellees.

BROWNING, JUDGE:

This is an appeal from a final order of the Monongalia County Circuit Court entered on December 19, 1969, in an action instituted by Wheeling Kitchen Equipment Company, Inc., a corporation, appellee herein, against R & R Sewing Center, Inc., a corporation, and E. Claude Kelly, appellant herein.

On August 1, 1969, appellee brought action against R & R Sewing Center, Inc., upon the following complaint:

\* \* \*

Defendant owes plaintiff Five Thousand, Four Hundred Forty-Seven Dollars and Seventy-One Cents ($5,447.71) for goods sold by plaintiff to defendant

from September 23, 1968, to June 10, 1969 . . . together with interest thereon at the rate of six per cent per annum.

WHEREFORE, Plaintiff demands judgment against the defendant in the amount of Five Thousand, Four Hundred Forty-Seven Dollars and Seventy-One Cents ($5,447.71), with interest thereon from the 10th day of June, 1969, together with the costs expended by the plaintiff in this action.

\* \* \*

According to appellant, it then became apparent "that any judgment [appellee] might obtain against R & R would be uncollectible . . . ." Because of this, appellee moved to amend the complaint so as to include appellant Kelly, president of the corporation, as a party defendant, which motion was granted. The amended complaint differed only from the original complaint in this respect: The name "E. Claude Kelly" was added as a party defendant in the style of the case and the word "defendant" was made plural wherever it appeared in the original complaint. Otherwise, there were no new allegations or charges in the complaint whatever.

In response to the above, appellant filed the following answer:

\* \* \*

Defendant, E. Claude Kelly, by way of answer to the amended complaint, denies that any goods were ever sold to him personally by the Wheeling Kitchen Equipment Company, Inc., a corporation.

WHEREFORE, defendant, E. Claude Kelly, demands judgment dropping him as a party defendant to this suit.

\* \* \*

On December 10, 1969, appellee moved for summary judgment against Kelly personally. In support thereof, appellee filed the affidavit of one Robert Higbee, appellee's comptroller, which stated that Higbee had been present at the taking of a deposition of Kelly with respect to an unrelated civil action. In addition, the affidavit stated that Higbee heard

Kelly testify at that time, "whereupon it appeared beyond doubt" to Higbee that Kelly "used the banking accounts and all other assets of [R & R Sewing Center, Inc.] for his personal benefit and convenience to the extent that he paid personal debts from said banking accounts, withdrew money for his personal use at his pleasure and in all ways used the assets of said corporation for his own individual needs."

Upon this motion for summary judgment, the above-mentioned affidavit, and an affidavit of Kelly wherein he asserted that he, as manager, "was acting for the corporation at all times in which he was handling corporate money," the circuit court granted summary judgment against Kelly personally. It is from this summary judgment that he appeals. On March 2, 1970, an appeal was granted, and on January 25, 1971, the case was submitted for decision upon brief and argument of counsel for appellant, and appellant's motion to reverse, filed December 26, 1970.

Appellant assigns as error the court's allowing the plaintiff to add Kelly as a party defendant by merely typing his name into the style of the case, and then granting summary judgment against him personally as president of the corporation on the theory of "piercing the corporate veil" when that theory had not been alleged in the complaint, and when there was no competent evidence before the trial court upon which to base such a judgment against the appellant personally.

The initial issue raised by the appellant then is whether the granting of the motion to add him as a party was proper. However, the real contention of Kelly is the theory upon which the plaintiff sought the judgment against him, that is, the piercing of the corporate veil, citing *Atwater & Co., Inc. v. Fall River Pocahontas Collieries Co.*, 119 W.Va. 549, 195 S.E. 99 (1937). In that case this Court denied relief to one of two creditors because there was no allegation in the pleadings upon which the theory of piercing the corporate veil could be predicated. There are several decisions of this Court to the same effect, but all were rendered prior to the adoption and promulgation by this Court of Rules of Civil Procedure. There can be no doubt that prior to the adoption of those rules the

position of the appellant on this issue would be unassailable. For example, in *Vance Shoe Co. v. Haught*, 41 W.Va. 275, 23 S.E. 553 (1895), this Court held in the first syllabus point: "There can be no decree without allegations in the pleading to support it." In *Black v. Crouch*, 85 W.Va. 22, 100 S.E. 749 (1919) and several other decisions of this Court, it was held that a judgment or decree cannot extend beyond the pleadings. R.C.P. 8(a) provides:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled.

In the Appendix of Forms following the Rules of Civil Procedure, Form 5 suggests that it is sufficient if the complaint alleges that the "Defendant owes plaintiff ten thousand dollars for goods sold and delivered by plaintiff to defendant between June 1, 1954 and December 1, 1954. [Wherefore plaintiff demands judgment against defendant for the sum of ten thousand dollars, interest and costs.]" This is the first case since the adoption of those rules in which this question has been raised, but it is the view of the Court that the allegations of the complaint were sufficient, and if there was any doubt in Kelly's mind as to why he was being made a party, the rules provide means by which that could be ascertained. Furthermore, the "motion to join additional party defendant," which, of course, became a part of the record, informed Kelly in clear and unambiguous language the basis for the relief which the plaintiff would seek against him. This is a quote from that motion.

\* \* \*

1. This is an action based upon the sale of merchandise by the plaintiff to R & R Sewing Center, Inc.

2. The proposed additional defendant, E. Claude Kelley [*sic*], is the principal stockholder of the aforesaid corporation and has been using said corporation as a means of avoiding personal liability for his business activities.

3. The aforesaid additional proposed defendant E. Claude Kelley [*sic*], has been the president of R & R Sewing Center, Inc. and has used its assets for his own personal purposes during the past several months of its operation, co-mingling his personal assets with those of said corporation and drawing corporate funds for his own use at his pleasure.

\* \* \*

It is our opinion that appellant Kelly did, indeed, have notice of why he was being made a party defendant to the action.

As stated in the appellant's brief, "the central issue" in this case, therefore, is whether there were any factual issues to be determined or whether summary judgment was proper upon the record before the court at the time such was entered. This Court said in *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963):

Under the applicable rule a motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law. \* \* \* If there is no genuine issue as to any material fact summary judgment should be granted but such judgment must be denied if there is a genuine issue as to a material fact. \* \* \* A party is not entitled to summary judgment unless the facts established show a right to judgment with such clarity as to leave no room for controversy and show affirmatively that the adverse party can not prevail under any circumstances. \* \* \* On a motion for summary judgment the court can not summarily try factual issues and may consider only facts which are not disputed or the dispute of which raises no substantial factual issue.

\* \* \*

These are the fifth and sixth syllabus points in that case:

5. The question to be decided on a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined.

6. A party who moves for summary judgment has the burden of showing that there is no genuine issue

> of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment.

To the same effect is the more recent case of *Hatten v. Mason Realty Co.,* 148 W.Va. 380, 135 S.E.2d 236 (1964). It was held in *Atwater* that in this jurisdiction the rule is well established that the corporate veil "will be torn away wherever the occasion arises to prevent a fraud or a wrong." Of course, in all such cases the burden of proof is upon the one who makes such an allegation.

As heretofore stated, the only evidence before the trial court with reference to piercing the corporate veil was the affidavit of appellee's comptroller in which he stated that he was present on the 22nd day of August, 1969, when depositions were taken before the Honorable Benjamin L. Glasscock, Special Commissioner of the Circuit Court of Monongalia County, in a case wherein the plaintiff was Carletex Corporation and the defendant was R & R Sewing Center, Inc., and, of course, a copy of that deposition. The affiant stated that he heard Kelly's testimony and that from what he heard Kelly state upon that occasion, he was of the opinion that Kelly was using the defendant corporation "for his own personal purposes." There is nothing in this record to show that the transactions which occurred between Kelly and the Carletex Corporation had any connection whatsoever to R & R Sewing Center, Inc.

Having thoroughly considered the Carletex deposition, Higbee's affidavit and Kelly's affidavit, we are of the opinion that appellee did not meet the burden of showing that there was no genuine issue of fact. Furthermore, it is well established by many decisions of this Court that the stockholders, directors and officers are not liable for the debts of the corporation in the absence of wrongdoing. *Inter-Ocean Casualty Co. v. Leccony Smokeless Fuel Co.,* 123 W.Va. 541, 17 S.E.2d 51 (1941); *Zinn v. Mendel,* 9 W.Va. 580 (1876). Whether or not Kelly was guilty of such wrongdoing as would make him personally liable is a question of fact, the burden of proof regarding that issue being upon the plaintiff.

We are of the view that the trial court committed reversible error in finding that Kelly was operating the corporation "merely as a front for his personal business" and entering summary judgment for the plaintiff since there was no competent evidence before it to support such a finding. Therefore, appellant's motion to reverse is granted and the case is remanded to the Circuit Court of Monongalia County.

*Motion to reverse granted.*

HAYMOND, JUDGE, concurring:

I concur in the decision of this case to reverse the judgment of the Circuit Court of Monongalia County, but I disagree with the statements in the last two paragraphs of the majority opinion which relate to the evidence in the deposition in the *Carletex Corporation* case and the Higbee and Kelly affidavits and the discussion of the sufficiency of the evidence to support the finding of the trial court which are not material to the decision. The statements give the impression, at least to me, that the judgment of the trial court was reversed because not supported by the evidence. This is not the ground on which I voted to reverse the judgment. Where there is a dispute as to any material fact, as there is in this case, summary judgment must be denied. *Aetna Casualty and Surety Company v. Federal Insurance Company of New York,* 148 W.Va. 160, 133 S.E.2d 770. Because of the statements concerning the weight of the evidence and in order to record my understanding that the judgment of the trial court was reversed because the case involved a disputed question of fact and not because of the erroneous finding of fact by the trial court, I file this concurring opinion and concur in the reversal of the summary judgment rendered by the Circuit Court of Monongalia County.