ANSEL CARPENTER & another *vs.* GEORGE F. CUSHMAN,
executor.

A., the holder of a judgment, assigned it in 1848 to B., who at the same time executed an agreement, reciting the assignment and the fact that he had a claim against the assignor, and promising, on payment of his claim, to release the balance remaining on the judgment. Land was taken on execution upon this judgment, and in 1851 A. gave a deed to B., in which, after reciting the assignment and levy, and the intent to carry out the assignment, he conveyed to B. all his right, title and interest in and to the land, to have and to hold to B., so that neither A. nor his heirs or assigns should by any way or means have, claim or demand any right or title thereto. Ever since the levy of the judgment B. held exclusive possession of the land, and took the rents and profits to his own use; his claim had never otherwise been paid; and A. had never requested an account. In 1869 A. filed a bill in equity praying for an account, and that on payment of the amount found due from him the land might be released to him. *Held,* that the land was affected by a trust in favor of A., which was not barred by lapse of time.

BILL IN EQUITY filed January 26, 1869, by Ansel Carpenter and Mary Sibley against the executor of the will of Apollos Cushman. The case, as it appeared by the bill and answer, on which it was reserved by *Colt,* J., for the determination of the full court, was as follows :

Ansel Carpenter and Nathaniel C. Dana, on December 18, 1848, assigned to Apollos Cushman a judgment recovered by them against Dan Carpenter, and on the same day Apollos Cushman executed a written agreement, reciting the assignment and that he and Timothy G. Coffin had been and still were counsel for the assignors in suits for and against them, and were their creditors for services and expenses, and promising that, when a proper adjustment of their claims should be made, the said suits against the assignors brought to a close, the amounts due in said suits properly adjusted, and the claims of Coffin and himself paid, he would release to the assignors the balance remaining on the judgment; the assignment being intended to secure to himself and Coffin all claims that they might have against the assignors as counsel, and nothing more. Execution on this judgment was duly levied February 10, 1849, on the land of Dan Carpenter, and on February 11, 1851, Ansel Carpenter and Dana executed to Apollos Cushman a deed of all their right, title and interest in and to the land levied on. The deed, after reciting the assign-

ment, set forth the levy of execution for the "sole benefit" of Apollos Cushman, and continued thus:

" Whereas the said real estate set off upon said execution in full satisfaction of the same has not been redeemed, and appears by said judgment execution returned upon the same, and by the records in the registry of deeds in the county of Bristol, to stand in our names, although the same is the property of said Cushman under and by virtue of said assignment, we, the said Carpenter and Dana, the grantors, in conformity with said assignment, and to place the matter right upon the records of said registry, and to give said Cushman the benefit of said assignment by having the legal confirmation of his title to said real estate placed upon said records according to the true intent and meaning of said assignment, do hereby make, execute, acknowledge and deliver to said Cushman the following release and quitclaim of all our rights in the premises set off upon said execution and described in the return upon the same."

The *habendum* was as follows: " To have and to hold the aforegranted premises, with all the privileges and appurtenances thereunto belonging, to him, the said Apollos Cushman, his heirs and assigns forever, so that neither we, the said Ansel Carpenter and Nathaniel C. Dana, nor either of us, nor our heirs, or any other person or persons claiming from or under us or them, or in the name, right or stead of us or them, shall or will by any way or means have, claim or demand any right or title to the aforesaid premises, or their appurtenances, or to any part or parcel thereof forever."

Coffin afterwards died, and on September 15, 1856, Apollos Cushman conveyed to Betsey Coffin, the executrix of his will, two undivided elevenths of the land, in payment of his claim. Apollos Cushman died September 17, 1864, and from the time of the levy until his death he remained in the exclusive possession of the land, and received the rents and profits to his own use, except of that part conveyed to Betsey Coffin. Apollos Cushman by his will, after certain small legacies, bequeathed all the residue of his estate to the defendant in trust, and appointed him executor. On February 10, 1860, Dana conveyed all his interest in

the land to the plaintiff Mary Sibley, by a deed given without consideration. The services of Cushman and Coffin for Ansel Carpenter and Dana ceased before 1849, but they were never paid or satisfied, except by the giving of the above mentioned assignment and deed. The answer denied that either Ansel Carpenter, Dana or Mrs. Sibley had ever requested an account of Apollos Cushman or of the defendant. The bill prayed for an account, and that on the payment of any sum found due from the plaintiffs the defendant might release and convey the land to them.

The case was submitted for the plaintiffs without argument.

*C. A. Reed,* for the defendant.

CHAPMAN, C. J. Carpenter and Dana assigned to Apollos Cushman their judgment against Dan Carpenter, December 18, 1848. At the same time Cushman executed an agreement reciting the assignment, and the fact that he and Timothy G. Coffin had been and still were counsel for them, and were their creditors for fees and expenses, and promising that when a proper adjustment of their claims should be made, and certain matters brought to a close, he would release whatever balance should remain in his hands. On February 11, 1851, Carpenter and Dana executed a deed, reciting the assignment and the fact that land had been set off on the execution issued upon the judgment, and releasing the land to Cushman.

There can be no doubt that this assignment created a trust, and the deed was made for the purpose of perfecting the trust. Any expressions which show unequivocally the intentions of the parties to create a trust, will have that effect. Hill on Trustees (4th Am. ed.) 65. The expressions used in the assignment and deed express unequivocally an intention to create a trust for the purpose of paying the claims of Cushman and Coffin, and paying the balance to Carpenter and Dana. See *Richards* v. *Allen*, 8 Pick. 405; *Eastman* v. *Foster*, 8 Met. 19.

Coffin afterwards died, and on September 15, 1856, Cushman conveyed to Betsey Coffin, his executrix, two undivided eleventh parts of the land in payment of Coffin's claims. This was an execution of that part of the trust. Cushman died September 17,

1864.   He had remained in possession of the land and taken the rents and profits, except as to the part conveyed to Mrs. Coffin. The defendant is his executor, and holds the land under his will. Dana conveyed his interest in the land to the plaintiff Sibley, February 10, 1860.   The conveyance is stated to have been without consideration, but we do not think that fact is material in this case.

The claims of Cushman have never been settled, and the only payments he has received have been by taking the rents and profits of the land.   The bill was filed January 26, 1869, the services of Cushman ceased before January 1, 1849, and the deed was made February 11, 1851.   The defendant contends that the plaintiffs' claim is barred by lapse of time.   But the statute of limitations would not begin to run, so long as both parties allowed the trust to continue without a demand.   The answer denies that any demand was made upon Apollos Cushman or the defendant, his executor, and no demand appears to have been made for an adjustment on either side.   The defendant took the land subject to the trust, and, after the debt due to his testator is adjusted and paid, the plaintiffs are entitled to the balance.   The case should be sent to a master to settle the amount due.

*Ordered accordingly.*