ANSEL CARPENTER & another vs. GEORGE F. CUSHMAN, executor.

Bristol.   Oct. 26. — Nov. 20, 1876.   DEVENS & LORD, JJ., absent.

A bill in equity, brought by A. against B., alleged that A., being the holder of a judgment, assigned it to B., a creditor, for the purpose of preventing other creditors from attaching and seizing any real estate that might be taken under the execution issuing upon such judgment, and B. at the same time executed an agreement, reciting the assignment and the fact that he had a claim against the assignor, and promising, on payment of his claim, to release the balance remaining on the judgment; that land was taken on execution upon this judgment; and prayed for an account, and that on payment of the amount found due from A. to B., the land might be released to A.   A decree was entered that the case be referred to a master to state an account; that the balance due B. (if any) should be paid him; and thereupon B. should convey the land to A.   On the coming in of the master's report, B. moved that the bill be dismissed, upon the ground that the bill alleged that the judgment and land therein mentioned were conveyed to B. by A., for the purpose of defrauding his creditors, and that A. was not equitably entitled to relief.   Held, that A.'s right to a reconveyance under the decree was res adjudicata, and that the bill did not allege any fraud on A.'s part, which would prevent his maintaining the bill.

No exception lies to the finding of a master in matter of fact, where the evidence is not reported.

BILL IN EQUITY filed January 26, 1869, by Ansel Carpenter and Mary Sibley, against the executor of the will of Apollos Cushman, praying for an account, and that the defendant might be ordered to release and convey to the plaintiffs certain land, which had been taken by the defendant's testator under an execution issued on a judgment in favor of Carpenter and the assignor of Sibley, and by them assigned to the defendant's testator, under an agreement that he would reconvey any balance remaining on the judgment, after payment of what should be due him from Carpenter and the assignor of Sibley.   After the former decision, reported 105 Mass. 417, the case was sent to a master, and, on the coming in of his report, the plaintiffs moved for a final decree, and the defendant moved to dismiss the bill, and also filed exceptions to the master's report.   Hearing before Colt, J., who reserved the case for the consideration of the full court.   The facts appear in the opinion.

E. Ames & W. W. Blodgett, for the plaintiffs.

C. A. Reed, for the defendant.

MORTON, J. At a former stage of this case, it was adjudged that the defendant's testator held the land in question charged with a trust in favor of the plaintiffs ; and thereupon a decree was entered that the case be referred to a master to state an account, " and what, upon the balance of said account, shall be certified due to the said defendant (if anything) it is ordered and decreed that the said plaintiffs do pay the same unto the said defendant within such time as the court shall order after the said master shall have made his report, at such time and place as the court shall appoint ; and that thereupon the said defendant do release and convey to the said plaintiffs, or unto such person or persons as they shall appoint, the premises free and clear of all incumbrances done by him or his said testator, or any person claiming by, through or under him, or either of them." *Carpenter* v. *Cushman*, 105 Mass. 417.

The master, the case having been twice recommitted to him, has made a final report, in which he finds, as the result of the statement of the account, that a small balance is due to the plaintiffs ; and the plaintiffs now move for a final decree in accordance with the report of the master. The defendant objects to this, and moves to dismiss the bill, upon the ground that the bill alleges that the judgment and real estate therein mentioned were conveyed to the defendant's testator by the plaintiffs, for the purpose of defrauding their creditors, and that, therefore, upon their own showing, they are not equitably entitled to the relief they seek.

There are two answers to the defendant's position. The former decree, though not technically final, is a decree adjudicating that the defendant shall release and convey to the plaintiffs the land in question. It is too late for the defendant to make the objection that the plaintiffs are not entitled to the relief they seek. Their right to a reconveyance is *res adjudicata*.

Another answer is that the bill does not, by necessary construction, allege any fraud on the part of the plaintiffs, which would enable their creditors to avoid the assignment of the judgment and the subsequent deed to the defendant's testator, or which would debar them from the relief sought, if the question had been raised in due season. The allegations, that the assignment of the judgment and the deed of the land were made to

Cushman, for the purpose of securing the debts due to Cushman and Coffin, and for the purpose of preventing other creditors from attaching and seizing any real estate that might be taken under the execution which might issue upon such judgment, do not necessarily import that the plaintiffs had an illegal intent to hinder, delay and defraud their other creditors. They are equally consistent with an intent merely to give Cushman and Coffin a preference over their other creditors. The necessary effect of any transfer to one creditor is to prevent other creditors from attaching the property transferred, and the intent thus to prevent them is not an illegal intent.

The only other question presented by this report, which has been argued by the defendant, is that raised by his third exception to the master's report. This exception is, in substance, that the master has charged the defendant with rent, without proof of any rents actually received, or use actually had of the premises. Waiving any questions as to the regularity of taking and filing the exception, it is clear that this exception cannot be sustained. It assumes that the master had no proof that rents were received, or that the defendant's testator occupied or used the premises. These facts do not appear in the master's report, and the evidence upon which he based his findings is not reported.                    *Decree for the plaintiffs.*